IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Derrick Smith, | ) | C/A No.: 3:26-1405-JDA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Leroy Burgess; Dawn Allison; | ) | RECOMMENDATION |
| George Stiles; Amanda Gantt; and | ) | |
| Tosca Walls, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Derrick Smith ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Leroy Burgess, Dawn Allison, George Stiles, Amanda Gantt, and Tosca Walls ("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.    Factual and Procedural Background

Plaintiff identifies all defendants as individuals involved in denying his "claim." [ECF No. 1 at 1–2]. He alleges they can all be reached through Planned Administrators, Inc. *Id.* He purports to bring this claim pursuant to 42 U.S.C. § 1983 and alleges Defendants are state or local actors.

Plaintiff alleges he "submitted a claim under a federally governed process involving a protected property interest." *Id.* at 3. He does not provide any allegations as to the type of claim, the process, or the property interest. He alleges Defendants denied the claim without conducting a reasonable investigation. He claims he provided Defendants with a "formal constitutional complaint" and a "notice of default," but Defendants did not respond. Plaintiff contends Defendants' failure to respond "constitutes acquiescence to the unrebutted facts and claims and demonstrates a continued disregard for Plaintiff's rights." *Id.* He asserts one cause of action for a due process violation, although he also references violations of his Fourth, Fifth, Sixth, and Eighth Amendment rights. *Id.* at 2–3.

On April 3, 2026, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of his complaint and permitting him until April 24, 2026, to file an amended complaint. [ECF Nos. 4, 5]. Plaintiff has filed no responses.

II.    Discussion

A.    Standard of Review

Plaintiff seeks to proceed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

2

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*,

3

901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

4

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

Although Plaintiff states the court has jurisdiction pursuant to 28 U.S.C. § 1331, and his suit is brought pursuant to 42 U.S.C. § 1983, he does not provide factual allegations sufficient for this court to assure itself that it has jurisdiction. Although he alleges Defendants acted under the color of state of local law, this is a legal conclusion that the court need not accept absent factual allegations stating a plausible claim. Without state action, Plaintiff cannot state a viable claim pursuant to § 1983, as private citizens are not subject to liability under § 1983. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 940 (1982) (finding purely private conduct is not actionable under § 1983). Here, Plaintiff has failed to provide factual allegations showing it is plausible that Defendants acted under the color of state or local law.

2.    Insufficient Allegations

Further, even if Plaintiff were able to show this court has subject matter jurisdiction over this case, he has failed to set forth sufficient factual allegations showing he is entitled to relief. He has only stated that he has filed

a claim with Defendants that was denied, but he has not provided any allegations as to the substance of such claim or why Defendants' denial of his claim violated his due process claims. Plaintiff's vague allegation that he provided a "formal constitutional claim" and "notice of default," standing alone, do not show Defendants owed him any duty under the Constitution or federal law. Plaintiff's complaint is also subject to summary dismissal on this basis.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this matter be summarily dismissed without leave for further amendment.

IT IS SO RECOMMENDED.

May 5, 2026                          Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).